IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| OxySure Therapeutics, Inc.(a/k/a OxySure Systems, Inc.) | CASE NO.  4:15-cv-00821 |
| **Plaintiff** | |
| v. | |
| Gemini Master Fund, Ltd., Gemini Strategies, LLC, and Black Mountain Equities, Inc. | |
| **Defendants.** | |

## DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A), OR ALTERNATIVELY, TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(B)(3), AND BRIEF IN SUPPORT

Defendants Gemini Master Fund, Ltd., Gemini Strategies, LLC, and Black Mountain Equities, Inc. respectfully request that this Court transfer this action to the Southern District of New York pursuant to § 28 U.S.C. 1404(a) and the mandatory forum selection clauses contained in the warrants upon which Plaintiff's complaint for declaratory relief and rescission is based. In the alternative, Defendants move the Court to dismiss Plaintiff's lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(3).

## I.    INTRODUCTION

Defendants are investors who purchased notes and warrants from Plaintiff OxySure Therapeutics, Inc. ("OxySure") pursuant to securities purchase agreements. Defendants recently attempted to exercise the warrants. Plaintiff refused to exercise the warrants, and instead brought

this lawsuit, seeking to "clarify and declare the rights of the parties under the Warrants and the Purchase Agreement that governs the Warrants," or alternatively, to rescind the Purchase Agreements pursuant to which the warrants and notes are issued. Complaint ("Compl.") ¶¶18, 24.

The warrants in dispute contain New York choice of law provisions and mandatory forum selection clauses, which expressly state that any lawsuit brought concerning the warrants shall be brought <u>only</u> in New York state or federal courts. Similar mandatory forum selection clauses in the notes purchased by Defendants provide that all legal proceedings concerning the interpretation, enforcement and defense of the transactions contemplated by the Purchase Agreements "shall be commenced in the state and federal courts sitting in the City of New York."

Pursuant to 28 U.S.C. § 1404(a), the existence of these forum-selection clauses, which were expressly acknowledged and agreed to by Plaintiff, necessitates the transfer of this action to a court located in New York. Defendants respectfully request that the action be transferred to the United States District Court for the Southern District of New York, where the moving parties already are pursuing a breach of contract lawsuit against Plaintiff for its failure to honor moving parties' requests to exercise the warrants. Under well-settled Supreme Court authority, in a situation where a sophisticated party such as Plaintiff has agreed to a valid forum-selection clause, the parties' agreed upon choice of venue should be enforced in all but the most extraordinary circumstances. Because no extraordinary circumstances are present here, the Court should grant the moving parties' motion, enforce the terms of the written contracts between the parties, and transfer this case to the Southern District of New York.

## II.    STATEMENT OF FACTS

A.    The Parties.

Plaintiff OxySure Therapeutics, Inc. ("Plaintiff") is a public company that develops, manufactures and sells medical oxygen and respiratory products. Moving party/defendant Gemini Master Fund, Ltd. ("Gemini") is an investment fund that invests in public and private companies; Gemini's investment advisor is defendant Gemini Strategies, LLC. *See* Exhibit 1, Declaration of Steven Winters ("Winters Decl.") at ¶1. Black Mountain Equities ("Black Mountain") is an investment fund that invests in public and private companies, and real estate. *See* Exhibit 2, Declaration of Adam Baker ("Baker Decl.") at ¶1.

B.    The Securities Purchase Agreements, Notes and Warrants.

On or about May 19, 2015, Gemini and Black Mountain purchased OID Convertible Notes (the "Notes")[1] and common stock purchase warrants (the "Warrants")[2] from OxySure Systems, Inc. pursuant to a Securities Purchase Agreement (the "Securities Purchase Agreement").[3]

Pursuant to the terms of the Warrants, Gemini and Black Mountain have the right to purchase shares of OxySure common stock through a "cashless exercise." The exercise procedures, number of shares available for purchase and the formula for calculating the exercise price are contained within the Warrants. Winters Declaration ¶7 and Ex. C; Baker Declaration ¶7 and Ex. C.

---

[1] See Winters Decl. ¶2and Ex. B; Baker Decl. ¶2and Ex. B.

[2] See Winters Decl. ¶2and Ex. C; Baker Decl. ¶2and Ex. C.

[3] See Winters Decl. ¶2and Ex. A; Baker Decl. ¶2and Ex. A.

On November 25, 2015, Gemini elected to exercise its Warrant by delivering a valid Exercise Notice to OxySure. Winters Decl. ¶8. Similarly, on December 4, 2015, Black Mountain elected to exercise its Warrant by properly delivering an Exercise Notice. Baker Decl. ¶8. OxySure refused to honor both Exercise Notices (Winters Decl. ¶9; Baker Decl. ¶9) and instead filed this lawsuit in the United States District Court for the Eastern District of Texas, ignoring the express, clear and valid provisions of the forum selection clauses contained in the Warrants and Notes.

The Warrants and Notes all contain similar New York choice of law provisions and exclusive forum selection clauses mandating that any lawsuit brought upon the Warrants, Notes or Securities Purchase Agreements must be brought in a state or federal court located in New York. The Note issued to Gemini contains a mandatory forum selection clause which provides, in pertinent part:

> Each party agrees that all legal proceedings concerning the interpretation, enforcement and defense of the transactions contemplated by this Note or the Purchase Agreement (whether brought against a party hereto or its respective affiliates, directors, officers, shareholders, employees or agents) shall be commenced in the state and federal courts sitting in the City of New York, Borough of Manhattan (the "New York Courts"). Each party hereto hereby irrevocably submits to the exclusive jurisdiction of the New York Courts for the adjudication of any dispute hereunder or in connection herewith or with any transaction contemplated hereby or discussed herein (including with respect to the enforcement of this Note or the Purchase Agreement), and hereby irrevocably waives, and agrees not to assert in any suit, action or proceeding, any claim that it is not personally subject to the jurisdiction of such New York Courts, or such New York Courts are improper or inconvenient venue for such proceeding.

*See* Gemini Note, Winters Decl. Ex. B, at §7(d).[4] The Note purchased by Black Mountain contains an identical mandatory forum selection clause. *See* Black Mountain Note, Baker Decl. Ex. B, at §7(d).

Just like the Notes, the Warrants issued to Gemini and Black Mountain contain identical mandatory forum selection clause (capitals in original):

> ANY ACTION BROUGHT CONCERNING THE
> TRANSACTIONS CONTEMPLATED BY THIS WARRANT
> SHALL BE BROUGHT ONLY IN THE STATE COURTS OF
> NEW YORK OR IN THE FEDERAL COURTS LOCATED IN
> THE STATE OF NEW YORK; PROVIDED, HOWEVER, THAT
> THE HOLDER MAY CHOOSE TO WAIVE THIS PROVISION
> AND BRING AN ACTION OUTSIDE THE STATE OF NEW
> YORK. The individuals executing this Warrant on behalf of the
> Company agree to submit to the jurisdiction of such courts and
> waive trial by jury.

*See* Gemini Warrant, Winters Decl. Ex. C at §17. Black Mountain Warrant, Baker Decl. Ex. C, at §17.

## III.   ARGUMENT AND AUTHORITIES

### A.   A Valid Forum Selection Clause Should Be Enforced In All But The Most Exceptional Circumstances.

The transfer of actions is governed by 28 U.S.C. § 1404(a). Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

---

[4]   When considering a motion for transfer of venue pursuant to 28 U.S.C. § 1404(a), a court may look to materials outside of the pleadings. *See Ancient Sun Nutrition, Inc. v. Ore. Algae, LLC*, No. 10 Civ. 140, 2010 WL 3719503, at * 1 (W.D.N.C. Sept. 17, 2010) ("Unlike a Rule 12(b) motion, which is limited to facts contained in the Complaint, a motion to transfer allows for review of materials submitted outside the pleadings."); *Samson Tug & Barge Co., Inc., v. Kozoil*, 869 F. Supp. 2d 1001, 1015 (D. Alaska 2012) ("With respect to a motion seeking to transfer venue pursuant to 28 U.S.C. § 1404(a), the court may also consider facts outside the pleadings"); *Mohsen v. Morgan Stanley & Co. Inc*., No. 11 Civ. 6751(PGG), 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013) ("In deciding a motion to transfer, a court may consider material outside of the pleadings.").

In *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.,* ___ U.S. ___, 134 S.Ct. 568, 574, 187 L.Ed.2d 487 (2013), the United States Supreme Court clarified that a forum selection clause may be enforced through a motion to transfer brought pursuant to 1404(a), and that the existence of a valid forum selection clause is a significant factor that should almost always control a court's analysis under Section 1404(a). More specifically, while a district court considering a section 1404(a) motion typically must balance both the private interests of the parties and public interest considerations when determining whether a transfer is warranted, a district court need not conduct that analysis when a valid forum selection clause exists; where, as here, the parties' agreement contains a valid forum-selection clause, that clause "represents [their] agreement as to the most proper forum" and should be given "controlling weight in all but the most exceptional cases." *Id.,* 134 S.Ct. at 579.

In *Atlantic Marine*, Atlantic and J-Crew Management, Inc. ("J-Crew") entered into a construction project for work on a military base in Texas. *Id.* at 575. The contract contained a forum selection clause calling for any litigation arising from the contract to be filed in the Circuit Court for the City of Norfolk, Virginia or the U.S. District Court for the Eastern District of Virginia. *Id.* Nevertheless, following a dispute concerning the contract, J-Crew filed suit in the Western District of Texas. *Id.* at 576.

Atlantic Marine moved to have the case transferred to Eastern District of Virginia. *Id.* The federal district court, and subsequently the Fifth Circuit, after weighing a "nonexhaustive and nonexclusive list of public and private interest factors", concluded that the Forum Selection Clause was only one of many factors to be considered when determining venue and that the convenience of the parties justified keeping the case in Texas. *Id., citing U.S. ex rel. J-Crew Mgmt., Inc. v. Atlantic Marine Constr. Co.,* 2012 WL 8499879, *5 (W.D. Tex. 2012).

Accordingly, both the District Court and the Fifth Circuit held that the litigation could continue in Texas despite the Forum Selection Clause.

The Supreme Court reversed.  Justice Alito, writing for the unanimous Court, explained "the procedure that is available for a defendant in a civil case who seeks to enforce a forum selection clause." *Id.* at 575. The Court held that contractual Forum Selection Clauses must be enforced in all but the most exceptional, unusual or uncommon cases and that "private interest factors", such as inconvenience, should not be considered when a trial court evaluates a motion to transfer based on a contractual Forum Selection Clause. Justice Alito explained:

> When parties agree to a forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for pursuit of the litigation.  A court accordingly must deem the private-interest factors to weight entirely in favor of the preselected forum.

*Id*. at 582 (emphasis added). Indeed, the Supreme Court chided the lower court for giving weight to J-Crew's claims of inconvenience. The Supreme Court pointed out that "when J-Crew entered into a contract to litigate in Virginia, it knew that a distant forum might hinder its ability to call certain witnesses and might impose other burdens on its litigation efforts." *Id*. at 584.

The presence of a valid forum-selection clause requires a district court to adjust its usual section 1404(a) analysis in three ways. First, the plaintiff's choice of forum merits no weight. *Id.* at 581. Second, the court cannot consider parties' private interests since the parties stipulated to a particular forum. *Id*. at 582. Finally, when "a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a §1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." Plaintiff must show either that the forum-selection clause is not valid or that the section 1404(a) public interest factors make transfer inappropriate. *Id.* at 579, 582. Here, Plaintiff has not, and cannot, show that the mandatory forum selection clauses in the Warrants and Notes are invalid, or the existence of any public interest

factors militating against transfer of the case to the United States District Court for the Southern District of New York.

B.    The Forum Selection Clauses in the Warrants and Notes Are Valid.

"A forum selection clause is presumptively valid"; a party challenging the clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15 (1972). In *Bremen,* the U.S. Supreme Court distinguished between the contractual provision itself being "invalid for such reasons as fraud or overreaching," as opposed to unenforceable because it is "unreasonable and unjust." *Bremen,* 407 U.S. at 15. If a forum-selection clause is valid under general contract law, the court must determine whether the clause is enforceable. *Atlantic Marine* sets an "extremely high bar" to unenforceability. *Guest Assocs, Inc. v. Cyclone Aviation Prods, Ltd.,* 30 F. Supp. 3d 1278, 1281 (N.D. Ala. 2014).

The Complaint in this case does not contain any allegations that might support an argument to allow OxySure to avoid its contractual agreement to litigate in New York. There are no allegations in the complaint suggesting that the forum selection clauses in the Warrants were procured by fraud, duress, or other misconduct on behalf of the moving parties. Further, the Complaint acknowledges the applicability of "New York law per the choice of law provision [sic] therein" (Compl. ¶19); those choice of law provisions are contained in precisely the same paragraphs of the Warrants as are the forum selection clauses. *See* Winters Decl. Ex. C at §17; Baker Decl. Ex. C, at §17. In addition, OxySure is a public company (Compl. ¶1) and Defendants engage in the business of investing in public companies (*id.* at ¶8); these undisputed facts tend to show that all parties are sophisticated corporate entities with equal bargaining

positions. As in *Bremen*, "[t]here are compelling reasons why a freely negotiated private...

agreement, unaffected by fraud, undue influence, or overweening bargaining power, such as that

involved here, should be given effect." *Bremen*, 407 U.S. at 12-13.

## C.    There Are No Public Policy Reasons to Reject Transfer To New York.

Once a court finds that a forum selection clause is valid, the clause "should be given

controlling weight in all but the most exceptional cases." *Atlantic Marine*, 134 S.Ct. at 581.

Because the contractual forum selection clauses in the Warrants and Notes are valid and

enforceable, the Court "should not consider arguments about the parties' private interests"

(which are evaluated in connection with motions to transfer in situations where there is not a

contractual forum selection clause (*id*. at 582)), and "may consider arguments about public-

interest factors only." *Id.* These factors include "the administrative difficulties flowing from

court congestion; the local interest in having localized controversies decided at home; [and] the

interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581,

n.6 (internal quotation omitted). Public interest factors "will rarely defeat a transfer motion, [thus]

the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at

582. The burden falls on the plaintiff to show that "public interest factors overwhelmingly

disfavor a transfer" since "the interest of justice' is served by holding parties to the bargain." *Id.*

at 583.

Here the public interest factors actually weigh in favor of a transfer to New York.  Since

New York law admittedly controls interpretation of the Notes, Warrants and Purchase

Agreements (Compl. ¶19), and the district court of New York's familiarity with the controlling

law will substantially assist the efficient and just resolution of the dispute, the public interest

factors favor transfer. *See Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 509 (1947) ("There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case."). Further, there is a judge in the Southern District of New York who already is developing familiarity with the very same agreements at issue here. Gemini and Black Mountain brought a breach of contract action against OxySure for its failure to honor the warrant exercises, and District Judge Analisa Torres is set to hear a motion for a preliminary injunction to direct OxySure to honor the warrant exercises, on January 21, 2016.[5] Also, the docket of the Southern District of New York is slightly less congested than the Eastern District of Texas, according to statistics published by the Administrative Office of the U.S. Courts.[6] As to the private factor of "inconvenience" to the parties, it is undisputed that Defendants are California residents, and would need to travel out of state for trial of this matter whether the case is tried in Texas or New York – there is no "overwhelming" additional convenience to keeping the case in Texas, rather than transferring it to New York, which is the forum for disputes contractually pre-selected by all parties and a forum in which the parties already are litigating a related matter.

D.    Alternatively, If The Complaint is Not Transferred It Should Be Dismissed Under FRCP 12(b)(3).

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue before further answer or pleading. *See* Fed. R. Civ. P. 12(b)(3). The Fifth Circuit previously has endorsed Fed. R. Civ. P. 12(b)(3) as an appropriate procedure

---

[5] *Gemini Master Fund, Ltd., and Black Mountain Equities, Inc.  v. OxySure Systems, Inc.(a/k/a OxySure Therapeutics, Inc.),* U.S.D.C. for the Southern District of New York case no 1:15-cv-09546. *See* docket entry no. 9.

[6] According to the Federal Court Management Statistics for the 12-month period ended June 30, 2015, the Eastern District of Texas had 724 pending cases per judge, 1521 weighted filings per judge, and 14 trials completed per judge.  The Southern District of New York had 645 pending cases per judge, 499 weighted filings per judge and 14 trials completed. *See* http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2015/06/30-3.

for dismissal based on a forum selection clause. *See Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005); *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir. 1996) (affirming a district court's dismissal of a diversity suit for improper venue based on a lease requiring exclusive venue in California). Here, dismissal without prejudice of the Complaint will allow OxySure to pursue its claims in state or federal court in New York, the venue to which it contractually agreed, and will not prejudice its ability to pursue its claims on the merits. OxySure's claim seeking a declaration of its rights under the Warrants clearly triggers the forum selection clause contained in those Warrants. The forum selection clauses require that "any action brought concerning the transactions contemplated by" the Warrants to be litigated exclusively in New York. This declaratory relief action undisputedly "concerns the transactions contemplated by" the Warrants; because the parties agreed that such disputes may only be brought in New York, the Eastern District of Texas is an improper venue, and the case should be dismissed under Rule 12(b)(3).

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to transfer this lawsuit to the U.S. District Court for the Southern District of New York under 28 U.S.C. §1404(a), or alternatively, to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(3).

Respectfully submitted,

Dated:  December 29, 2015

**DLA PIPER LLP (US)**

By:  /s/ Eliot T. Burriss
    ELIOT T. BURRISS
    State Bar No. 24040611
    1717 Main Street, Suite 4600
    Dallas, Texas 75201
    Tel: 214.743.4500
    Fax: 214.743.4545

    PERRIE M. WEINER
    (*pro hac vice* admission pending)
    ROBERT D. WEBER
    (*pro hac vice* admission pending)
    2000 Avenue of the Stars
    Fourth Floor North Tower
    Los Angeles, CA 90067
    Tel: 310.595.3000
    Fax: 310.595.3300

    ATTORNEYS FOR DEFENDANTS GEMINI
    MASTER FUND, LTD., GEMINI
    STRATEGIES, LLC, AND BLACK
    MOUNTAIN EQUITIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of December, 2015, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system.

/s/ Eliot T. Burriss
Eliot T. Burriss