## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **OxySure Therapeutics, Inc.(a/k/a OxySure Systems, Inc.)** | **CASE NO.  4:15-cv-00821** |
| **Plaintiff** | |
| **v.** | |
| **Gemini Master Fund, Ltd., Gemini Strategies, LLC, and Black Mountain Equities, Inc.** | |
| **Defendants.** | |

**Defendants' Reply To Oxysure's Response In Opposition To Defendants' Motion To Transfer Venue, Or Alternatively, To Dismiss The Complaint**

None of the reasons given by OxySure Therapeutics, Inc. ("**OxySure**") in its Response in Opposition ("**Opposition**" or "**Opp.**") provide a basis to ignore the mandatory New York forum selection clauses contained in the documents upon which Plaintiff's complaint is based.

First, the forum selection clauses are presumptively valid under *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.,* 134 S.Ct. 568, 574, 187 L.Ed.2d 487 (2013). The Complaint does not allege that either the clauses themselves, or the Warrants and Notes in which they are contained, were procured by fraud, which is the only ground by which such clauses may be invalidated.

Second, the U.S. District Court for the Southern District of New York may exercise personal jurisdiction over OxySure, because there exist numerous business contacts between New York and OxySure. Indeed, OxySure submitted to the jurisdiction of that very court in a separate lawsuit just six months ago.

Third, contrary to the assertions in the Opposition, the contracts at issue here <u>expressly</u> provide that New York courts shall be the "exclusive" forum for the litigation of any disputes.

Fourth, the fact that this action was "first filed" three business days before a similar suit in New York is completely irrelevant to the applicability of the forum selection clauses.

Lastly, OxySure's Opposition does not even respond to Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3); the court may grant Defendants' requested relief based solely upon OxySure's lack of opposition.

### III.    ARGUMENT AND AUTHORITIES

A.    <u>The Mandatory Forum Selection Clauses in the Warrants and Notes Are Valid and Enforceable.</u>

"A forum selection clause is presumptively valid;" a party challenging the clause bears a "heavy burden of proof" and must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v.*

*Zapata Off-Shore Co.,* 407 U.S. 1, 15 (1972). A forum selection clause will stand against a claim of fraud unless the party resisting enforcement alleges and proves that the inclusion of the clause itself was the product of fraud or coercion. *Brock v. Entre Computer Centers, Inc.* 740 F.Supp. 428, 430 (E.D. Tex. 1990) *citing  Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519, n. 14, 94 S.Ct. 2449, 2457, n. 14 (1974).

The Complaint does not allege that the forum selection clauses in the Warrants and Notes were procured by fraud or duress. Even though the Opposition avers that OxySure seeks to rescind the agreements "because it [sic] was induced by fraud," that actually is <u>not</u> alleged. The word "fraud" does not appear anywhere in the Complaint.

B.   <u>The United States District Court for the Southern District of New York May Exercise Personal Jurisdiction Over Plaintiff.</u>

OxySure's argument that New York lacks personal jurisdiction is a red herring, because "[w]here an agreement contains a valid and enforceable forum selection clause, it is not necessary to analyze jurisdiction under New York's long-arm statute or federal constitutional requirements of due process." *U.S. Bank Nat. Ass'n Ables & Hall Builders*, 582 F.Supp.2d 605, 615 (S.D.N.Y. 2008). The Warrants and Notes contain mandatory New York forum selection clauses, so this Court need not even analyze whether the Southern District of New York may assert personal jurisdiction over OxySure.

But even if this Court were to analyze Plaintiff's contacts with New York, it surely would find those contacts sufficiently numerous and meaningful to provide for personal jurisdiction. The New York long-arm statute provides that a New York court may exercise personal jurisdiction over any non-domiciliary that "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302. According to its own press releases and SEC filings, Plaintiff conducts extensive business within New York:

- OxySure has a distribution deal with a Rochester, NY company;[1]

- OxySure employs a sales manager for New York;[2]

- OxySure presents at investor conferences in New York City;[3] and,

- OxySure has hired business consultants in New York.[4]

Further, OxySure hired a Manhattan-based financial advisor to raise the funds from Defendants which underlie the investment documents central to this case. Specifically:

- OxySure utilized the services of a financial advisor located in Manhattan, Wellington Shields & Co. ("Wellington"), to secure the investment by Defendants;[5]

- On behalf of OxySure, Wellington negotiated the terms of Defendants' investments in OxySure, including numerous communications to/from New York;[6] and,

- Defendants wired the funds for their investments in OxySure to Wellington's New York bank account at JP Morgan Chase.[7]

Lastly, OxySure recently submitted to the jurisdiction of the Southern District of New York in another case that was filed against OxySure last July, *Alpha Capital Anstalt v. OxySure*, Southern District of New York case no. 1:15-cv-05443-VM.[8]

   C.   Because The Warrants And Notes Contain Valid Mandatory Forum Selection Clauses, This Court Should Ignore OxySure's "Inconvenience" Arguments.

The Opposition's argument that the case should not be transferred due to "convenience" factors (Opp. at 2-3) is totally irrelevant, because the Supreme Court held in *Atlantic Marine*, that convenience is a factor that should <u>not</u> be considered by a Court assessing a motion to transfer based upon a valid forum selection clause. *Atlantic Marine,* 134 S.Ct. at 582 ("When parties agree to a forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for pursuit of the litigation.").

---

[1] *See* Declaration of Robert D. Weber ("Weber Decl.") at ¶2 and Exhibit A.
[2] *See* Weber Decl.at ¶3 and Exhibit B.
[3] *See* Weber Decl.at ¶¶4, 5 and Exhibits C, D.
[4] *See* Weber Decl.at ¶6 and Exhibit E.
[5] *See* Supplemental Declaration of Adam Baker ("Supp. Baker Decl.") at ¶2.
[6] *See* Supp. Baker Decl. at ¶3 and Ex. 2.
[7] *See* Supp. Baker Decl. at ¶5 and Ex. 3; Supplemental Declaration of Steven Winters at ¶3 and Ex. 1.
[8] When OxySure answered the complaint in that action on July 9, 2015, it did not contest jurisdiction or venue.

While a court should not weigh private interest factors, it may consider public interest factors such as court congestion and the interest in having the trial in a forum that is familiar with the applicable law. *Id*. at 581, n.6. In their motion to transfer, Gemini and Black Mountain noted that these factors actually weigh in favor of a transfer to New York. The Opposition makes no attempt to rebut that showing, and Plaintiff has completely failed to meet its burden of showing that "public interest factors overwhelmingly disfavor a transfer." *Id.* at 583.

        D.    <u>The Mandatory Forum Selection Clauses in the Warrants and Notes Provide That New York Shall Be The Exclusive Venue For Disputes.</u>

The Opposition's contention that "the choice of forum provision does not confer 'exclusive venue'" (Opp. at 1), is simply wrong.  The Warrants contain this language:

> ANY ACTION BROUGHT CONCERNING THE TRANSACTIONS CONTEMPLATED BY THIS WARRANT SHALL BE BROUGHT <u>ONLY</u> IN THE STATE COURTS OF NEW YORK OR IN THE FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK . . . .

See Gemini Warrant, Winters Decl. Ex. C at §17; Black Mountain Warrant, Baker Decl. Ex. C, at §17 (capitals in originals; emphasis added). Similarly, the Notes state:

> all legal proceedings concerning the interpretation, enforcement and defense of the transactions contemplated by this Note or the Purchase Agreement . . . shall be commenced in the state and federal courts sitting in the City of New York, Borough of Manhattan (the "New York Courts"). <u>Each party</u> . . . irrevocably waives, and <u>agrees not to assert in any suit</u>, action or proceeding, any claim that it is not personally subject to the jurisdiction of such New York Courts, or such <u>New York Courts are improper or inconvenient venue</u> for such proceeding.

*See* Gemini Note, Winters Decl. Ex. B, at §7(d); Black Mountain Note, Baker Decl. Ex. B, at §7(d) (emphasis added). In short, the parties expressly agreed that the only venue in which this dispute could be brought, exclusively, is New York.

        E.    <u>It is Irrelevant That OxySure Filed This Case Three Days Before Defendants Filed Their Related Case in New York.</u>

OxySure filed this action seeking declaratory relief on December 2, 2015; Gemini and Black Mountain filed the action pending in the SDNY on December 7, 2015, just three business days later. The presumption of "first filed" priority "is not a rigid or inflexible rule to be

mechanically applied." *Texas Instruments v. Micron Semiconductor*, 815 F.Supp. 994, 997 (E.D.Tex.1993). Priority "is usually disregarded where the competing suits were filed merely days apart." *OntelProducts, Inc. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1153 (S.D.N.Y 1995) *see also Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).

Courts in this Circuit and others often have disallowed use of a "first filed" declaratory judgment action, like the present case, to establish venue. *See, e.g., Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc.,* 267 F.Supp. 938 (S.D.N.Y.1967); *909 Corp. v. Village of Bolingbrook Police Pension Fund,* 741 F.Supp. 1290 (S.D.Tex.1990). In *909 Corp.*, the district court articulated persuasive reasons for departing from the first-to-file rule in a declaratory judgment case:

> Courts have held that a declaratory claim should be dismissed if it was filed for the purpose of anticipating a trial on the same issues in a court of coordinate jurisdiction. (Citations omitted). The Court cannot allow a party to secure a more favorable forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit involving the same issues in a different forum.

*Id.* at 1292. In *Koch Engineering Company, Inc. v. Monsanto Company*, 621 F.Supp. 1204, 1206 (D.C.Mo.1985), the court rejected the priority of a first-filed action, holding that the first suit was no more than a race to the courthouse, that it furthered none of the purposes of a declaratory judgment action, and rather, it denied the injured party the right to choose the forum in which to seek redress. Those same conditions are present here.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to transfer this lawsuit to the U.S. District Court for the Southern District of New York under 28 U.S.C. §1404(a), or alternatively, to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(3).

Respectfully submitted,

**DLA PIPER LLP (US)**

Dated:  January 22, 2016


By:  /s/ Robert D. Weber
      ROBERT D. WEBER
      (admitted *pro hac vice*)
      PERRIE M. WEINER
      (admitted *pro hac vice*)
      2000 Avenue of the Stars
      Fourth Floor North Tower
      Los Angeles, CA 90067
      Tel: 310.595.3000
      Fax: 310.595.3300

      ELIOT T. BURISS
      State Bar No. 24040611
      1717 Main Street, Suite 4600
      Dallas, Texas 75201
      Tel: 214.743.4500
      Fax: 214.743.4545

      ATTORNEYS FOR DEFENDANTS GEMINI
      MASTER FUND, LTD., GEMINI
      STRATEGIES, LLC, AND BLACK
      MOUNTAIN EQUITIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of January, 2016, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system.

/s/ Robert D. Weber
Robert D. Weber