**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| OXYSURE THERAPEUTICS, INC., A/K/A OXYSURE SYSTEMS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.  4:15-CV-00821-ALM-CAN |
| GEMINI MASTER FUND, LTD.,  ET AL., | § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), or alternatively, to Dismiss the Complaint Pursuant to FRCP 12(b)(3) ("Motion to Transfer") [Dkt. 5].  After reviewing the Motion to Transfer [Dkt. 5], Response [Dkt. 11], Reply [Dkt. 12], and all other relevant pleadings, the Court finds that Defendants' Motion should be **GRANTED IN PART AND DENIED IN PART**.

**BACKGROUND**

Plaintiff Oxysure Therapeutics ("Plaintiff") is a medical device company incorporated under the laws of Delaware with its principal place of business located in Frisco, Texas [Dkt. 1 at 1].  Plaintiff is a publicly traded company.  *Id.*  Defendant Gemini Master Fund, Ltd. is an investment fund that invests in public and private companies ("Gemini") and is located in California.  *Id* at 2. Gemini Strategies, LLC is Gemini's investment manager [Dkt. 5 at 3].  Black Mountain Equities, Inc. is an investment fund that invests in public and private companies, and real estate ("Black Mountain") located in California [Dkts. 1 at 2; 5 at 3].  Hereinafter Gemini

Master Fund, Ltd., Gemini Strategies, LLC, and Black Mountain Equities, Inc. are collectively referred to as "Defendants."

On or about May 19, 2015, Gemini and Black Mountain purchased OID Convertible Notes ("Notes") and common stock purchase warrants ("Warrants") from Plaintiff pursuant to a Securities Purchase Agreement ("Agreement") [Dkts. 1 at 2; 5 at 3; 5-1; 5-2].  Pursuant to the terms of the Warrants, Gemini and Black Mountain have the right to purchase shares of Plaintiff common stock through a "cashless exercise" [Dkts. 1 at 3; 5 at 3].  The exercise procedures, number of shares available for purchase, and the formula for calculating the exercise price are contained within the Warrants [*see* Dkts. 5-1, Ex. C; 5-2, Ex. C].  Both the Notes and the Warrants contain forum-selection clauses.  Specifically, the Notes' forum-selection clauses state, in relevant part:

> Each party agrees that all legal proceedings concerning the interpretation, enforcement and defense of the transactions contemplated by this Note or the Purchase Agreement (whether brought against a party hereto or its respective affiliates, directors, officers, shareholders, employees or agents) shall be commenced in the state and federal courts sitting in the City of New York, Borough of Manhattan (the "New York Courts")

[Dkts. 5-1 at 29; 5-2 at 29]; and, the Warrants' forum-selection clauses state, in relevant part:

> ANY ACTION BROUGHT CONCERNING THE TRANSACTIONS CONTEMPLATED BY THIS WARRANT SHALL BE BROUGHT ONLY IN THE STATE COURTS OF NEW YORK OR IN THE FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK; PROVIDED, HOWEVER, THAT THE HOLDER MAY CHOOSE TO WAIVE THIS PROVISION AND BRING AN ACTION OUTSIDE THE STATE OF NEW YORK

[Dkts. 5-1 at 47; 5-2 at 47].  On November 25, 2015, Gemini elected to exercise its Warrant by delivering an Exercise Notice to Plaintiff, and on December 4, 2015, Black Mountain elected to exercise its Warrant by delivering an Exercise Notice to Plaintiff [Dkts. 1 at 3; 5 at 4].

Plaintiff refused to honor both Exercise Notices and instead Plaintiff filed its Complaint on December 2, 2015, alleging Defendants breached the duty of good faith and fair dealing available under New York law; seeking declaratory relief regarding construction of the Agreement; or equitable rescission or reformation of the Agreement [*see* Dkt. 1].  Days after Plaintiff initiated the instant suit, Defendants filed an action in New York.  Specifically, on December 7, 2016, Gemini and Black Mountain filed a complaint in the Southern District of New York asserting claims for breach of contract against Plaintiff and seeking specific performance and damages (the "New York lawsuit").  On January 26, 2016, the Southern District of New York stayed the New York lawsuit pending the outcome of Defendants' Motion to Transfer currently pending before the Court. *Gemini Master Fund, Ltd. v. Oxysure Systems, Inc.*, 1:15-CV-9546, Docket 36 (S.D.N.Y. entered Jan. 26, 2016).  In staying the New York lawsuit, the district court held that Plaintiff's claim that the Notes/Warrants are invalid did not fall within the scope of the forum-selection clauses.  On December 29, 2015, Defendants filed their Motion to Transfer contending that this matter must be transferred or dismissed because the Warrants and Notes each contain mandatory forum-selection clauses [Dkt. 5].

## LEGAL STANDARD

Defendants move to transfer venue pursuant to 28 U.S.C. § 1404(a), which permits a district court to transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice...to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice...to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  Deciding a § 1404(a) motion to transfer venue, thus, requires a two-part inquiry:  first whether

the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of the parties and witnesses, and the interest of justice a transfer is appropriate.   *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"); "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"   *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The two-part inquiry, however, is altered where the Parties have agreed to a mandatory, enforceable forum-selection clause.  The United States Supreme Court has held that "when the parties have agreed to a ***valid*** forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, — U.S. —, 134 S. Ct. 568, 581 (2013) (emphasis added).  Indeed, "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases."  *Id.* (internal quotations marks and citations omitted).  The Supreme Court made clear that its "analysis presuppose[d] a contractually valid forum-selection clause." *Id.* at 581 n.5.  The inquiry into a clause's validity and scope thus precedes the question of transfer pursuant that clause.  *See, e.g.*, *Indus. Print Techs. LLC v. Canon U.S.A., Inc.*, No. 2:14-CV-00019, 2014 WL 7240050, at *1–2 (E.D. Tex. Dec. 19, 2014) ("[T]he *Atlantic Marine* analysis ... presupposes a valid contract and a dispute that unquestionably falls within the scope of that contract."); *In re Union Elec. Co.*, 787 F.3d 903, 907 (8th Cir. 2015) (citing with approval a lower court's preliminary determination of a forum-selection clause's validity); *Ashmore v. Allied Energy, Inc.*, No. 8:14-CV-00227-JMC, 2015 WL 128596, at *3 (D.S.C. Jan. 9, 2015) (noting that a "[c]ourt must first determine whether the forum-selection clause is valid under federal law") (internal

quotations omitted); *Rogovsky Enter., Inc. v. Masterbrand Cabinets, Inc.*, 88 F. Supp. 3d 1034, 1042 (D. Minn. 2015) (treating a relevant forum-selection clause's validity as a threshold question on a motion to transfer).   A court, upon finding a forum-selection clause both mandatory and enforceable, must alter its traditional § 1404(a) analysis such that: (1) "the plaintiff's choice of forum 'merits no weight'; instead [plaintiff] has the burden of establishing § 1404(a) transfer ... is unwarranted" and (2) "the court should not consider the private-interest factors...."  *Weber v. PACT XPP Technologies, AG*, 811 F.3d 758, 767 (5th Cir. 2016).   Thus, only where a court finds that (1) a forum-selection clause is not valid, (2) not mandatory, or (3) that the dispute does not fall within the scope of the clause, will the Court engage in the two-part inquiry pursuant to § 1404(a) (as discussed below).  *See Indus. Print Technologies*, 2015 WL 128596, at *1.

Again, the threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," or whether all parties have consented to a particular jurisdiction.  *Volkswagen I*, 371 F.3d at 203; *ATEN Int'l Inc. v. Emine Tech Co., Ltd., et. al*., 261 F.R.D. 112, 123 (E.D. Tex. 2009).  Venue is proper in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction.  *See* 28 U.S.C. § 1391(b).

Where a party is able to establish this threshold requirement – that the transferee court lies within a district where the action "might have been brought" – the Court must then turn to

step two, which requires the Court to determine whether the movant has shown the convenience

of the parties and witnesses and the interest of justice counsel in favor of transfer.  *Volkswagen I*,

371 F.3d at 203.  The Fifth Circuit has held that "[t]he determination of 'convenience' turns on a

number of public and private interest factors, none of which can be said to be of dispositive

weight."  *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).  The

private interest factors include (1) the relative ease of access to sources of proof; (2) the

availability of compulsory process to secure the attendance of witnesses; (3) the cost of

attendance for willing witnesses; (4) all other practical problems that make trial of a case easy,

expeditious and inexpensive.  *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir.

2008) ("*Volkswagen II*").  The public interest factors include (1) the administrative difficulties

flowing from court congestion; (2) the local interest in having localized interests decided at

home; (3) the familiarity of the forum with the law that will govern the case; and (4) the

avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *Id.*

These factors are not exhaustive or exclusive, and no single factor is dispositive.  *Id.*  The party

seeking transfer of venue must show good cause for the transfer.  *Volkswagen II*, 545 F.3d at

315.  The moving party must show that the transferee venue is "clearly more convenient" than

the transferor venue.  *Id.*

## ANALYSIS

### I.      *Threshold Questions Concerning the Validity and Applicability of the Forum-Selection Clause*

Neither Party disputes that each of the Notes and Warrants contain a forum-selection

clause.  Plaintiff argues however that inclusion of the clause does not mandate transfer to New

York because: (1) "[t]he choice of forum provision does not confer 'exclusive venue'" and

further (2) "[t]his action does not seek to enforce the agreements(s), it seeks to rescind [them]

because ... [they were] induced by fraud and ... [are] void under New York and Texas law" [Dkt. 11 at 1].

> a.      *Enforceability of the Forum-Selection Clauses*

The Fifth Circuit holds that federal law applies to determine the enforceability of forum-selection clauses in both diversity and federal question cases. *Braspetro Oil Servs. Co. v. Modec (USA), Inc*., 240 F. App'x 612, 615 (5th Cir. 2007) (citing *Haynsworth v. The Corp*., 121 F.3d 956, 962 (5th Cir. 1997)).  According to federal law, "such clauses 'are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'"  *Id*. (quoting *M/S Bremen v. Zapata Off-Shore Co*., 407 U.S. 1, 10 (1972)). "A court may refuse to enforce a forum-selection clause ... if the party opposing enforcement of the clause proves that it 'results from fraud or overreaching ....'"  *BeautiControl, Inc. v. Burditt*, No. 3:01CV744, 2001 WL 1149360, at *4 (N.D. Tex. Sept. 26, 2001) (citing *Afram Carriers v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998)).

Plaintiff does not specifically argue that the forum-selection clauses were incorporated into the Notes and Warrants via fraudulent conduct; rather, Plaintiff argues that the Notes, Warrants, and/or Purchase Agreements should be rescinded because they were induced by fraud and thus are void and unenforceable against Plaintiff [Dkt. 11 at 1].  In response, Defendants contend that the forum-selection clauses are valid and enforceable, and that Plaintiff made no reference to fraud prior to the Motion to Transfer [Dkt. 12 at 2-3].

"[U]nreasonable fraud or overreaching 'does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud[,] ... the clause is unenforceable.  Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion.'"  *Haynsworth*,

121 F.3d at 963 (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)) (emphasis in original).  "Allegations of such [fraudulent] conduct as to the contract as a whole – or portions of it other than the ... [forum-selection] clause – are insufficient; the claims of fraud or overreaching must be aimed straight at the [forum-selection] clause in order to succeed."  *Id*. (citations omitted).

Plaintiff does not allege that the forum-selection clauses themselves were the product of fraud or overreaching; rather, Plaintiff merely argues that this action seeks rescission of the Notes, Warrants, and/or Purchase Agreements, as a whole, due to alleged fraud in the inducement and/or a lack of the meeting of the minds [see Dkt. 11 at 1, 9].  Plaintiff's allegations of fraud are directed to the Agreements as a whole; not specifically at the forum-selection clauses.  Accordingly, enforcement of the forum-selection clauses is not unreasonable.  *See, e.g., BeautiControl*, 2001 WL 1149360, at *5 ("[The defendant's] allegations of fraud and overreaching solely go to the merits of the ... contract as a whole-not to the forum selection clause specifically.  Thus, this Court rejects Defendant's arguments that fraud or overreaching renders the clause unenforceable.").[1]

### b.      Are the Forum-Selection Clauses Mandatory or Permissive?

Plaintiff herein further argues that the forum-selection clauses in the Warrants and Notes do not confer "exclusive venue" in New York due to the permissive language in the clauses [Dkt. 11 at 1, 8]; while Defendants contend that the clauses are mandatory [Dkt. 12 at 5].  To reiterate, in connection with determining whether a forum-selection clause should be enforced, the Court must determine whether the clause is mandatory or permissive.  *Caldas & Sons, Inc. v. Willinham*, 17 F.3d 123, 127 (5th Cir. 1994).  "A party's consent to jurisdiction in one forum

---

[1] While the Court finds that the forum-selection clauses are enforceable, it expresses no opinion on Plaintiff's underlying invalidity arguments as to the Notes, Warrants, and/or Purchase Agreements, as a whole, and such a finding does not have bearing on any future validity analysis.

does not necessarily waive that party's right to have an action heard in a different forum*." City of New Orleans v. Municipal Admin. Serv., Inc*., 376 F.3d 501, 504 (5th Cir. 2004).   In examining forum-selection clauses, courts must examine the language of the clause and determine whether or not the forum-selection clause demonstrates an intent of the parties to limit the scope of jurisdiction or venue to a particular forum, or whether an ambiguity exists.   *Id*. Where an agreement contains clear, unequivocal, and mandatory language showing that jurisdiction is appropriate only in a designated forum, the clause is considered mandatory.   *Von Graffenreid v. Craig*, 246 F. Supp. 2d 553, 560 (N.D. Tex. 2003).   "Typically, words such as 'must', 'only', or 'shall' are indicators of mandatory clauses ..." unless a convincing argument to the contrary is made.   *Stanley Smith Drywall, Inc. v. Munlake Contractors, Inc*., 906 F. Supp. 588, 592 (S.D. Miss. 2011) (citing *Bentley v. Mutual Benefits Corp*., 237 F. Supp. 2d 699, 701 (S.D. Miss. 2002)).   Permissive forum-selection clauses, however, authorize jurisdiction in the designated forum, but do not prohibit litigation elsewhere.   *Von Graffenreid*, 246 F. Supp. 2d at 560; *see also City of New York v. Pullman, Inc*., 477 F. Supp. 438, 442 n.11 (S.D.N.Y. 1979) ("an agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion").   Whenever a forum-selection clause contains ambiguity, the clause must be construed against the drafter.   *Keaty v. Freeport Indonesia, Inc*., 503 F.2d 955, 957 (5th Cir. 1974).

Again, the Notes' forum-selection clauses state, in relevant part:

> Each party agrees that all legal proceedings concerning the interpretation, enforcement and defense of the transactions contemplated by this Note or the Purchase Agreement (whether brought against a party hereto or its respective affiliates, directors, officers, shareholders, employees or agents) shall be commenced in the state and federal courts sitting in the City of New York, Borough of Manhattan (the "New York Courts")

[Dkts. 5-1 at 29; 5-2 at 29].  The Warrants' forum-selection clauses state, in relevant part:

> ANY ACTION BROUGHT CONCERNING THE TRANSACTIONS CONTEMPLATED BY THIS WARRANT SHALL BE BROUGHT ONLY IN THE STATE COURTS OF NEW YORK OR IN THE FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK; PROVIDED, HOWEVER, THAT THE HOLDER MAY CHOOSE TO WAIVE THIS PROVISION AND BRING AN ACTION OUTSIDE THE STATE OF NEW YORK

[Dkts. 5-1 at 47; 5-2 at 47].

Here, both clauses include the mandatory language: "ANY ACTION ... SHALL BE BROUGHT ONLY IN THE STATE COURTS OF NEW YORK OR IN THE FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK" and "shall be commenced in the state and federal courts sitting in the city of New York, Borough of Manhattan," demonstrating the Parties agreement that venue should be in New York [Dkt. 12 at 5].  Again, words such as "shall" are indicators of mandatory forum-selection clauses and demonstrate an intent of the parties to limit jurisdiction to a particular forum.   Plaintiff argues to the contrary and points to the subsequent language in the Warrants allowing the Holder to waive the forum-selection provision and bring an action outside of New York [Dkt. 11 at 8].  This language does not render the clauses permissive as to Plaintiff.  Indeed, courts have previously enforced such one-way forum-selection clauses holding that forum-selection clauses are mandatory and valid "where the first portion of the [forum-selection] clause was mandatory regarding venue for one of the parties while the second portion of the [forum-selection] clause permits one of the parties to the

agreement to file suits in other venues...."  *Montoya v. Financial Federal Credit, Inc.*, 872 F. Supp. 2d 1251, 1276-77 (D.N.M. 2012) (citing *Paper Express, Ltd. v. Pfankuch Maschien GmbH,* 972 F.2d 753, 755 (7th Cir. 1992).   There is no ambiguity in the language of forum-selection clauses at issue in this case; and, after reviewing both provisions, the Court finds that the forum-selection clauses are mandatory rather than permissive.  *See, e.g., Wolfe v. CareFirst of Maryland, Inc*., No. 4:09-CV-492, 2010 WL 1998290, *4 (E.D. Tex. Apr. 27, 2010) (finding a forum-selection clause with the language "all actions at law or equity arising form or out of this Policy will be brought and maintained in the State of Maryland" a mandatory clause).

### c.     Does the Dispute Fall Within the Scope of the Forum-Selection Clauses?

The Court next turns to whether the dispute falls within the scope of the Notes and Warrants.  Plaintiff's Complaint states five (5) causes of action and/or remedies:

> 21. Breach of Duty of Good Faith and Fair Dealing. Every contract under New York law is subject to a duty of good faith and fair dealing.  Defendants' reading of the Warrants and exercise of rights in the manner they have chosen to is a breach of the duty of good faith and fair dealing. [(hereinafter "claim one")]

> 22. Declaratory Relief: Plaintiff seeks a declaration that the contract does not allow Defendants to take the current Aggregate Exercise Price and divide it among the Common Shares issued by Oxysure subsequent to the Warrant (whether directly or on as-converted basis in the case of convertible securities), and then use that number for the cashless warrant exercise. [(hereinafter "claim two")]

> 23. Declaratory Relief: Plaintiff seeks a declaration in the alternative that the Exercise Price Ratchet provisions and the dilution provision inherently contradict, the latter rendering the former moot and ineffectual, that the dilution provision as construed by Defendants is oppressive and economically and substantively unconscionable. [(hereinafter "claim three")]

> 24. Rescission: Plaintiff in the alternative seeks equitable rescission of the stock purchase agreements pursuant to which the Warrants and Notes are issued on the grounds that: a. The Warrants are invalid because the Warrants are indeterminate as written, with pervasive ambiguity. b. The Warrants are invalid because there is no consideration for the shares sought in the exercise notice. c. The Warrants are invalid contracts because there was never a meeting of the minds. d. The Warrants

are unenforceable because it is economically oppressive and impossible to perform for the Plaintiff. e. The Warrants are rescinded for failure of consideration. [(hereinafter "claim four")]

25. Contract Reformation: Plaintiff in the alternative seeks a reformation of the shares purchase agreements, notes and Warrants to clarify and properly reflect the parties' intent that the notes and Warrants are for the fixed number of shares and that the per share Exercise Price may not adjust, and that any increase in the number of shares issuable will be only with a concomitant increase in the Aggregate Exercise Price. [(hereinafter "claim five")]

[Dkt. 1 at 4-5].

Plaintiff's claims fall into two categories: (1) claims concerning the interpretation of the Notes and Warrants (claims 1, 2, 3, and 5), and (2) a claim concerning the validity of the Notes and Warrants (claim 4) [*see* Dkt. 1 at 4-5]. Plaintiff's Response to Defendants' Motion to Transfer contends that this action is not subject to the forum-selection clauses because Plaintiff's claims in this matter are "antecedent to the contract issues" because Plaintiff "seeks rescission of the transactions and the agreements and seeks to declare the unenforceability on various grounds" [Dkt. 11 at 9 (citing *Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*, 572 F.3d 86, 91 (2d Cir. 2009); *Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 389 (2d Cir. 2007))].

### i. *Plaintiff's Claim Challenging Validity of the Agreements*

The Court begins it analysis with regard to Plaintiff's claims concerning the validity of the Notes and Warrants. At the outset, the Court notes that the Southern District of New York has previously considered the enforceability of the forum-selection clauses with respect to Plaintiff's validity claim. Specifically, the Southern District of New York opined:

> [T]he forum selection clauses that [Gemini and Black Mountain] argue give the Court jurisdiction over [Oxysure] do not encompass an action challenging the validity of the underlying agreements. *See S-Fer Int'l, Inc. v. Paladion Partners, Ltd.*, 906 F. Supp. 211, 214 (S.D.N.Y. 1995) (denying transfer to the forum designated in a contract when the action sought rescission of the contract). Here, the terms of the purchase agreement and each Note designate New York as the forum for, respectively, "any action brought concerning the transactions contemplated by [the agreement]," and "all legal proceedings concerning the interpretation, enforcement and defense of the transaction contemplated by [the note] or [purchase agreement]." ... Such language does not encompass an action seeking to rescind the agreements. ... Moreover, the validity of the agreements between the parties is an issue antecedent to [Gemini an Black Mountain's] claims [for breach of contract], let alone the question of the Court's jurisdiction.

*Gemini Master Fund, Ltd. v. Oxysure Systems, Inc.*, 1:15-CV-9546, Docket 36 (S.D.N.Y. entered Jan. 26, 2016).   In *S-Fer International*, upon which the New York court relied, the forum-selection clause in dispute read as follows:

> *Governing Law; Forum; Construction*. The laws of the State of California shall govern the validity, performance and enforcement of this Lease. Should either party institute legal suit or action for enforcement of any obligation contained herein, it is agreed that the venue of such suit or action shall be in San Diego County, California.

*S-Fer Int'l, Inc.*, 906 F. Supp. at 213.   The district court found that such a forum-selection clause, prescribing a forum for only "**enforcement** of any obligation contained herein" did not encompass an action seeking rescission of the contract based on fraud because it was narrower than the choice of law provision that immediately precedes it, prescribing that California law shall govern the **validity, performance, and enforcement**. *Id*. at 214 (emphasis added).[2]

This Court agrees with the analysis performed by the district court in New York. Plaintiff's claim to rescind the Notes and Warrants goes to the validity of the contracts. A validity claim does not fall within the forum-selection clauses in the Notes and Warrants. The forum-selection clauses at issue in the Notes are similar to those in *S-Fer International*: the

---

[2] Plaintiff cites each of *Altvater* and *Phillips* in support of its position that Plaintiff's entire Complaint falls outside the scope of the forum-selection clause [Dkt. 11 at 9].  The Court, having considered each of Plaintiff's cited cases, finds *S-Fer International* more analogous to the facts of this case.

choice of law provision expressly references validity, while the forum-selection clauses notably do not, merely encompassing only interpretation, enforcement, and defense of the transactions [*see* Dkts. 5-1 at 29; 5-2 at 29].   Moreover, the forum-selection clauses in the Warrants are narrower than those in the Notes: "any action brought concerning the transactions contemplated by this warrant" [*see* Dkts. 5-1 at 47; 5-2 at 47].   Plaintiff's invalidity claim does not fall within the scope of the forum-selection clauses.

### ii.      *Plaintiff's Claims Requesting/Seeking Construction/Interpretation*

A different result must be reached as to Plaintiff's remaining claims.   Plaintiff's interpretation claims seek the Court's guidance in interpreting and/or construing the transactions under the Notes and Warrants, and thus do fall squarely within the scope of the forum-selection clauses.   The forum-selection clause in the Notes expressly encompasses interpretation, enforcement, and defense of the transactions [*see* Dkts. 5-1 at 29; 5-2 at 29 ("Each party agrees that all legal proceedings concerning the interpretation, enforcement and defense of the transactions contemplated by this Note or the Purchase Agreement ... shall be commenced in the state and federal courts sitting in the City of New York, Borough of Manhattan ....")].   The Warrants' forum-selection clauses also encompass Plaintiff's construction/interpretation claims as such claims request the Court's guidance on whether the Warrants allow Defendants to perform the transactions Plaintiff alleges are improper [*see* Dkts. 5-1 at 47; 5-2 at 47 (""any action brought concerning the transactions contemplated by this warrant")].   Accordingly, the Court finds that Plaintiff's interpretation claims fall within the scope of the Notes and Warrants.

## II.        Section 1404(a) Factors and Atlantic Marine

### a.        Plaintiff's Validity Claim

Having determined the forum-selection clauses do not apply to Plaintiff's validity claim, the Court must now engage in the traditional § 1404(a) analysis and review each of the public and private interest factors to determine whether the validity claim should nonetheless be transferred to the Southern District of New York.  The Parties do not dispute that this suit could have been filed in New York.  *See Volkswagen II*, 545 F.3d at 312.  Plaintiff, however, argues that all of the private interest factors in the standard §1404(a) analysis weigh in favor of keeping this matter in the Eastern District of Texas [Dkt. 11 at 3].  Plaintiff fails to address the public interest factors.  Defendants do not substantively address the private interest factors, resting on their argument that the valid forum-selection clauses mandate that the entirety of Plaintiff's claims be transferred to New York [Dkt. 12 at 2-3]; and asserts, in connection with the public interest factors, that the administrative difficulties flowing from court congestion and New York's familiarity with the governing law both favor transfer to New York [Dkt. 5 at 9, 10].

### i.        Private Interest Factors

### 1.        Relative Ease of Access to Sources of Proof

This factor is still a relevant part of the transfer analysis despite technological advances that have made transporting large volumes of documents across the country more convenient. *Volkswagen II*, 545 F.3d at 316.  Consequently, courts analyze the distance documents must be transported from their physical location to the trial venue; acting under the assumption that electronically stored documents are, in fact, physical.  *See id.* The parties must identify sources of proof with some specificity such that the court may determine whether transfer will increase the convenience of the parties.  *J2 Global Commc'ns, Inc. v. Proctus IP Solutions, Inc.*, No.

6:08-CV-211, 2009 WL 440525, at *2 (E.D. Tex. Feb. 20, 2009).  Plaintiff contends that "[a]ll of the documents are either in Texas or California" while none are in New York; and thus this factor weighs against transfer [Dkt. 11 at 3].  The Court finds this factor is neutral because neither Party identifies sources of proof with sufficient specificity in order for the Court to determine whether transfer will increase the convenience of the Parties.

### 2.    *Availability of Compulsory Process*

Under Federal Rule of Civil Procedure 45, this Court may enforce a subpoena issued to any nonparty witness in the State of Texas to appear at trial, provided the party does not incur substantial expense. FED. R. CIV. P. 45(c)(1)(B).  Similarly, the Court may enforce any subpoena for a deposition to be taken within its boundaries, provided that the deposition is taken no more than 100 miles from a location where the person resides, is employed, or regularly transacts business in person. *See id.* at (a)(2), (c)(1)(A), (d)(3)(a).  Moreover, party witnesses do not require compulsory process for trial and are not given much weight in this factor. Rather, the focus of this factor is on witnesses for whom compulsory process to attend trial might be necessary.  *See Phoenix Licensing, L.L.C. v. Gen. Motors, LLC*, No. 2:13-CV-1093, 2015 WL 1431906, at *3 (E.D. Tex. Mar. 30, 2015).

Plaintiff argues that there is no available process to compel non-party witnesses to a court in New York and further that "there will be 'substantial inconvenience' for [Plaintiff's] witnesses, and no inconvenience for Defendants' witnesses because they would have to travel from California anyway" [Dkt. 11 at 3].  Defendants again do not substantively address this factor arguing only that the forum-selection clauses are valid and mandatory, thus the convenience factors should not be considered [Dkt. 12 at 4].  The Court concludes this factor

weighs slightly against transfer.  Some of Plaintiff's non-party witnesses may reside in the State of Texas, while none reside in New York.  Moreover, Defendant fails to address this issue.

### 3.      *Cost of Attendance of Willing Witnesses*

In analyzing this factor, all parties and witnesses must be considered.  *Volkswagen I*, 371 F.3d at 204.  However, again, it is the convenience of non-party witnesses that is the more important focus and is accorded greater weight in a transfer of venue analysis.  *Mohamed*, 90 F. Supp. 2d at 775.  District courts should assess the relevance and materiality of the information the witness may provide, but there is no requirement that the movant demonstrate that the witness has anything more than relevant and material information.  *Genentech*, 566 at 1343-44.

The Fifth Circuit established a "100 mile rule" to assist with analysis of this factor.  *See Volkswagen I*, 371 F.3d at 204-05; *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) ("Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home ... .").  The threshold question is whether the transferor and transferee venues are more than 100 miles apart.  *Volkswagen II*, 545 F.3d at 317.  If so, then the court compares the respective distances between the residences of all the identified material and relevant witnesses and the transferor and transferee venues.  *Id*.  Transfer is favored if the transferee venue is a shorter average distance from witnesses as compared to the transferor venue.  *See id*.

Plaintiff asserts that Texas is a more convenient forum for witnesses and that New York will not be the "most expeditious and inexpensive" way to conduct litigation [Dkt. 11 at 3].  The Court finds that this factor also disfavors transfer.   Again, Plaintiff is based in the Eastern District of Texas and its party and non-party witnesses may be located in this forum. Moreover, Defendants have failed to address this factor.

#### 4.      All Other Practical Problems

The Parties have not addressed this factor.  Therefore, this factor is neutral.

### ii.      Public Interest Factors

#### 1.      Administrative Difficulties Flowing From Court Congestion

Defendants argue that this factor favors transfer because the Southern District of New York is slightly less congested than the Eastern District of New York [Dkt. 5 at 10].  Plaintiff fails to address this factor.  The Court finds that this factor slightly favors transfer.

#### 2.      Local Interest in Having Localized Interests Decided at Home

The Fifth Circuit has explained that "[j]ury duty is burden that ought not to be imposed upon the people of a community which has no relation to the litigation."  *Volkswagen I*, 371 F.3d at 206.  Local interest may favor transfer when the transferee venue is home to a party because the suit may call into question the reputation of individuals that work and conduct business in the community.  *See Hoffman-La Roche*, 587 F.3d at 1336.  The Court finds that this factor disfavors transfer.  Plaintiff is a Texas company that is located within the Eastern District of Texas.  Defendants are both investment companies based in California.  Neither Party has strong ties to New York.  Accordingly, this factor weighs against transfer.

#### 3.      Familiarity of the Forum with the Governing Law

Defendants argue that because "New York law admittedly controls interpretation of the Notes, Warrants and Purchase Agreements" and the Southern District of New York is already familiar with the controlling law, transfer would be the most "efficient and just resolution of the dispute" [Dkt. 5 at 9].  Plaintiff does not address this factor.  The Court finds that this factor slightly favors transfer.

### 4.      *Avoidance of Unnecessary Problems of Conflict of Law*

Neither Party addresses this factor.  Accordingly, the Court finds this factor is neutral.

### iii.      *Conclusion*

Defendants have failed to meet their burden in demonstrating why Plaintiff's validity claim should be transferred to New York. The Court has determined that Plaintiff's validity claim is not covered by the forum-selection clause and Defendant has not demonstrated, upon balance of the factors, that transfer is clearly more convenient.  Thus, Plaintiff's validity claim should not be transferred to New York.

### b.      *Plaintiff's Construction/Interpretation Claims*

The *Atlantic Marine* framework (not the traditional § 1404(a) analysis) controls Plaintiff's construction/interpretation claims because such claims fall under a valid, mandatory forum-selection clause.  To reiterate, *Atlantic Marine* requires the Court in "[t]he presence of a valid forum-selection clause ... to adjust their usual § 1404(a) analysis in three ways." *Atl. Marine Constr.*, 134 S. Ct. at 581.  "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id*. "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id* at 582. "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules — a factor that in some circumstances may affect public-interest considerations." *Id*. Thus, pursuant to *Atlantic Marine*, when determining whether extraordinary

circumstances exist that warrant denial of transfer despite a valid forum-selection clause, only the public interest factors of a traditional § 1404(a) analysis are considered.  *Id.* at 581-82.

Plaintiff does not argue any of the public interest factors.  Indeed, Plaintiff does not address the *Atlantic Marine* framework in his Response to Defendants' Motion to Transfer, instead arguing that the forum-selection clause is inapplicable for the reasons discussed *supra*. As the Court previously explained, Plaintiff's arguments lack merit.  Courts have continually recognized the validity and enforceability of forum-selection clauses and the ability of parties to include such clauses in contracts between them.  *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-16 (1964).  In fact, the Supreme Court has held:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations.  A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place.  In all but the most unusual cases, therefore, "the interests of justice" is served by holding the parties to their bargain.

*Alt. Marine*, 134 S. Ct. at 583.

Here, the third public interest factor clearly weighs in favor of transfer of Plaintiff's interpretation claims because, as both Parties agree, New York law controls the interpretation of the Notes and Warrants in this case and the Southern District of New York is already familiar with this case.  Defendants further contend that the Southern District of New York is "slightly less congested than the Eastern District of Texas, according to statistics published by the Administrative Office of the U.S. Courts" [Dkt. 5 at 10].  Because Plaintiff has not argued any of the public interest factors of a traditional § 1404(a) analysis and each of the first and third factors weigh in favor of transfer, the Court hereby concludes that Plaintiff has not met its burden of demonstrating extraordinary circumstances and thus transfer of Plaintiff's interpretation claims

to the forum for which the Parties bargained is warranted pursuant to the valid forum-selection clause. *See Trevino v. Cooley Constructors, Inc.*, No. 5:13-CV-924, 2014 WL 2611853, at \*6 (W.D. Tex. June 9, 2014) (granting motion to transfer venue in forum-selection clause case where plaintiffs failed to argue any of the public interest factors in the *Atlantic Marine* analysis). Accordingly, the Court recommends Plaintiff's interpretation claims be transferred to the New York lawsuit, which is currently stayed in the Southern District of New York.

**III.    *Splitting Plaintiff's Claims***

Analyzing separately each claim asserted by Plaintiff, as this Court is required to do, the Court finds that Plaintiff's validity claim is outside the scope of the forum-selection clauses and should remain in Texas, while Plaintiff's interpretation/construction claims are subject to the clauses and transfer is warranted, resulting in the splitting of Plaintiff's claims.  As the Court previously noted, Plaintiff cites *Phillips* in support of its position that Plaintiff's entire Complaint falls outside the scope of the forum-selection clauses [Dtk. 11 at 9].   While *Phillips* is unpersuasive on that point, the Court finds it instructive that the Second Circuit held that the plaintiff's copyright infringement, unjust enrichment, and unfair competition claims did not fall within the forum-selection clause. *See Phillips*, 494 F.3d at 390-92.  While the plaintiff's breach of contract claim fell "squarely under the forum-selection clause" because "the contract establishes [the plaintiff's] right to receive, and [the defendant's] duty to pay" under the contract in dispute. *Id*. at 387.  The *Phillips* court explained such finding necessitated separate treatment of the claims as some but not all claims were subject to the forum-selection clause. *Id*. at 393. Numerous other courts have similarly found "[w]here a Court finds that some claims are subject to a forum-selection clause and some are not, it should dismiss or transfer the claims that should properly be brought in a contractually agreed-upon forum, but maintain jurisdiction over others."

*Zichichi v. Jefferson Ambulatory Surgery Center, LLC*, No. 07-2774, 2007 WL 3353304, at *8

(E.D. La. Nov. 7, 2007) (citing *Phillips*, 494 F.3d at 393; *Dean Witter Reynolds, Inc. v. Byrd*,

470 U.S. 213, 221 (1985)); *Stanley Smith Drywall, Inc. v. Munlake Contractors, Inc.*, 906 F.

Supp. 2d 588, 594 (S.D. Miss. 2011); *MAK Marketing, Inc. v. Kalapos*, 620 F. Supp. 2d 295, 312

(D. Conn. 2009).

While the Court recognizes that separate proceedings in two districts is an undesirable

result, the Court's "twin commitments to upholding forum selection clauses where [they] are

found to apply and deferring to a plaintiff's proper choice of forum constrain us in the present

context to treat [Plaintiff's] claims separately." *Phillips*, 494 F.3d at 393 (citing *Dean Witter*

*Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985) (holding that district courts are required to

compel arbitration of claims subject to arbitration clauses "even if the result is 'piecemeal'

litigation")); *see also MAK Marketing,* 620 F. Supp. 2d 295, 312 (dismissing one of the

plaintiff's claims without prejudice to refiling in the forum governed by the forum-selection

clause, but denying transfer/dismissal as to the plaintiff's other claims because they did not fall

within the scope of the forum-selection clause).  Accordingly, Plaintiff's validity claim should

remain before this Court; Plaintiff's remaining claims should be transferred to the Southern

District of New York.

## IV.     *Does New York Lack Personal Jurisdiction Over Plaintiff*

Plaintiff spends the majority of his Response arguing that New York lacks personal

jurisdiction over it, and thus, Defendants' Motion to Transfer must be denied [Dkt. 11 at 1, 3-9].

Plaintiff contends that merely signing a contract "is insufficient to bring specific or general

jurisdiction over" Plaintiff without any requirements of New York's long-arm statute being

established [Dkt. 11 at 4].  In response, Defendants contend that Plaintiff's personal jurisdiction

argument "is a red herring" because when "'an agreement contains a valid and enforceable forum-selection clause, it is not necessary to analyze jurisdiction under New York's long-arm statute or federal constitutional requirements of due process'" [Dkt. 12 at 3 (citing *U.S. Bank Nat. Ass'n v. Ables & Hall Builders*, 582 F. Supp. 2d 605, 615 (S.D.N.Y. 2008))].

The Court agrees.  Unlike subject matter jurisdiction, personal jurisdiction is a waivable right.  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 473 n.14 (1985).  A party who signs a contract with a forum-selection clause has either consented to personal jurisdiction or waived the requirements for personal jurisdiction in that forum. *Id.*; *see also Kevlin Servs., Inc. v. Lexington State Bank,* 46 F.3d 13, 15 (5th Cir.1995) (reversing the trial court's dismissal for lack of personal jurisdiction when the choice of forum was prescribed by contract). Moreover, "[a] mandatory forum-selection clause demonstrates a party's consent to jurisdiction in a specific forum, and courts, absent a showing of fraud or overreaching in creating the clause, enforce such consent." *Valero Marketing and Supply Co. v. General Energy Corp.*, 702 F. Supp. 2d 706, 712 (S.D. Tex. 2010) (citing *Kevlin Servs., Inc.*, 46 F. 3d at 15).  Plaintiff has failed to demonstrate why the valid, mandatory forum-selection clause in the contracts it signed does not constitute consent to personal jurisdiction in New York.  Accordingly, the Court concludes that Plaintiff has not met its heavy burden to establish that enforcement of the forum-selection clause would be unreasonable; Plaintiff has waived the requirements for personal jurisdiction in New York.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendants' Motion to Transfer [Dkt. 5] be **GRANTED IN PART AND DENIED IN PART**.  The Court recommends that Plaintiff's claims for breach of duty of good faith (claim one), declaratory relief (claims two and three), and reformation of the Purchase Agreements (claim five) be transferred to the Southern

District of New York and consolidated with the suit pending in that jurisdiction (1:15-CV-9546). The Court further recommends that Plaintiff's claim for equitable rescission of the Purchase Agreements pursuant to which the Warrants and Notes are issued (claim four) remain before this Court.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 8th day of July, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE